**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristen Burnham, Individually and as Representative of the Estate of Caroline Burnham and as Representative of Ethan J. Mayne, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America; and Richard Alan Young,<br><br>Defendants. | No. CV-07-8017-PCT-DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss or for a more definite statement. Dkt. #17. The Court will grant Plaintiff leave to amend and deny the motion as moot.

Caroline Burnham died as a result of a traffic accident that occurred in Yuma, Arizona, on May 29, 2005. Caroline's sister, Kristen Burnham, brought this negligence action. The first amended complaint was filed by Kristen individually and as the representative of Caroline's estate and minor son, Ethan Mayne. The first amended complaint asserted claims against the United States of America and Richard Young, the alleged driver of the vehicle that struck Caroline's car. Dkt. #11.

Defendants assert that a wrongful death action in Arizona must be brought by only one plaintiff on behalf of all surviving statutory beneficiaries. Dkt. #17 at 3 (citing A.R.S. § 12-612). Defendants correctly argue that the first amended complaint is deficient because it improperly names Caroline's estate as a plaintiff and fails to identify all statutory

beneficiaries. *Id.* at 3-5.

In response to Defendants' motion, Kristen filed a second amended complaint without leave of Court. Dkt. ##18, 20. The complaint names Kristen as the sole plaintiff in her capacity as the representative of Caroline's estate and identifies Ethan Mayne and Dorothy Peca, Caroline's mother, as the only two statutory beneficiaries. Dkt. #18. Kristen asserts that she has re-pled the allegations of this case to meet the requirements of Arizona's wrongful death statute, A.R.S. § 12-612. Dkt. #20 at 1.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiff previously amended the complaint (*see* Dkt. ##1, 11), she was required under Rule 15 to obtain Defendants' consent or leave of Court to file the second amended complaint. *See Glaros v. Perse*, 628 F.2d 679, 686 (1st Cir. 1980) (plaintiff was not entitled to amend as a matter of right "having already amended his complaint once"); *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1077 (D. Colo. 1991) ("Plaintiff does not have a right to file a second amended complaint.").

Plaintiff did not seek leave of court before filing the second amended complaint. This is not the only error by Plaintiff's counsel. The original and first amended complaints clearly failed to comply with the requirements of the Arizona wrongful death statute. Both complaints also incorrectly stated that the accident occurred in Kingman, rather than Yuma, resulting in this case being designated incorrectly as a Prescott case. In addition, the Clerk has been required to issue two filer deficiency notices for filings errors (*see* Dkt. ##2, 6) and Plaintiff has made other filing errors (*see* Dkt. #19). This case has now been pending for more than eight months, and the issues have yet to be joined. The Court trusts that Plaintiff's counsel will in the future pay closer attention to the requirements of the federal and local rules, the governing law in this case, and the Court's electronic filing requirements.

To avoid continued delay in this action, the Court will deem Plaintiff as having sought leave to amend under Rule 15. "The [C]ourt should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend a complaint if it finds undue delay or bad faith on the part of the plaintiff, prejudice to the defendant, or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his determination should be performed with all inferences in favor of granting [leave]." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Having considered the *Foman* factors, the Court concludes that leave to amend should be granted. Despite the errors mentioned above, the Court has seen no evidence to suggest that Plaintiff has acted in bad faith. Defendants' motion asks that the Court require that Plaintiff re-plead, suggesting that Defendants would not be prejudiced by the amendment. There is no prejudice to Richard Young because he is not named as a defendant in the second amended complaint. *See* Dkt. #18. The amendment does not appear to be futile. *See* A.R.S. § 12-612. And although Plaintiff's actions to date have delayed the resolution of this case, this Circuit has made clear that "'undue delay by itself is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 757, 758 (9th Cir. 1999)); *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1983) (same).

The Court will grant leave to amend. Given this ruling, the Court will deny Defendants' motion as moot.

**IT IS ORDERED:**

1. Plaintiff is granted leave to amend. The second amended complaint filed on February 5, 2008 (Dkt. #18), is the operative complaint in this matter. Plaintiff need not re-file the second amended complaint.

2. Defendants' motion to dismiss or for more definite statement (Dkt. #17) is **denied as moot**.

3. As the events at issued occurred in Yuma, Arizona, the Clerk is directed to re-designate this case as a Phoenix case, not a Prescott case.

DATED this 19th day of February, 2008.

_____
David G. Campbell
United States District Judge