**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristen Burnham, Individually and as Representative of the Estate of Caroline Burnham and as Representative of E.M., a minor,<br><br>  Plaintiff,<br><br>vs.<br><br>United States of America; and Richard Alan Young,<br><br>  Defendants. | No. CV-07-8017-PHX-DGC<br><br>**ORDER** |

Defendant Richard Young is a United States Navy officer stationed in Norfolk, Virginia. On Sunday, May 29, 2005, during the Memorial Day weekend and while Young was on temporary assignment in Yuma, Arizona, Young was involved in a traffic accident that caused the death of Caroline Burnham. Caroline's sister, Kristen Burnham, brings this negligence action on behalf of Caroline's estate and minor son. The third amended complaint asserts that Young was acting within the scope of his employment and that the United States is therefore liable for Young's alleged negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"). Dkt. #37 at 3-4. The complaint alleges in the alternative that Young is personally liable. *Id.* at 4.

The United States has filed a motion for summary judgment on the scope of employment issue. Dkt. #50. Young has filed a cross-motion for summary judgment and a motion to dismiss. Dkt. ##56, 59, 69. Plaintiff has filed a motion for payment of costs of

service. Dkt. #58. For reasons stated below, the Court will grant the United States' motion and deny Young's and Plaintiff's motions.

## I. The Motions for Summary Judgment.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Thus, under the doctrine of respondeat superior, the United States is liable for "torts of federal employees acting within the scope of employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976) (citing 28 U.S.C. § 1346(b)(1)). The question whether the federal employee was acting within the scope of employment is controlled by the law of the state in which the accident occurred, in this case Arizona. *See Hartzell v. United States*, 786 F.2d 964, 966 (9th Cir. 1986) (citing 28 U.S.C. § 1346(b)(1)). "Acting within the scope of employment" for a member of the United States military means "acting in the line of duty" (*see* 28 U.S.C. § 2671), but this Circuit has made clear that "[t]he 'line of duty' standard does not expand the scope of employment beyond that recognized under the state law of respondeat superior." *Hartzell*, 786 F.2d at 966.

In Arizona, an employee is deemed to be acting within the scope of employment if he meets either the "Restatement test" or the "control test." *See Hartzell*, 786 F.2d at 966. The Restatement test provides that "the act of an employee is within the scope of employment only if: (1) it is typical of the kind of work the employee was hired to perform; (2) it occurs within the authorized time and space limits; and (3) it was intended at least in part to serve the [employer]." *Id.* (citing Restatement (Second) of Agency § 228; *Anderson v. Gobea*, 501

- 2 -

1    P.2d 453, 456 (Ariz. Ct. App. 1972)).  The control test "holds an employer liable for the
2    negligence of an employee if, at the time of the accident, the employee is: (1) subject to the
3    employer's control or right to control; and (2) acting in furtherance of the employer's
4    business." *Id.* (citing *Robarge v. Bechtel Power Corp.*, 640 P.2d 211, 214 (Ariz. Ct. App.
5    1982); *State v. Super. Ct. (Rousseau)*, 524 P.2d 951, 953 (Ariz. 1974)).

**A.    The Restatement Test.**

The Court concludes, on the basis of undisputed facts, that Young was not acting within the scope of employment under the Restatement test.  No part of the three-part test is satisfied in this case.

First, Young's conduct was not typical of the kind of work he was hired to perform. Young's duties as a Navy officer were to pack parachutes and provide or receive safety training for parachute operations.  Dkt. ##51 ¶ 1, 70 ¶ 3.  At the time of the accident, Young was off duty and driving into town to "get something to eat."  Dkt. ##68-5 at 5, 77 ¶ 10.  This driving was not the kind of activity Young was employed by the Navy to perform.  *See Allstate Ins. Co. v. United States*, No. CIV 06-089-GEE, 2006 WL 3391331, at *3 (D. Ariz. Nov. 21, 2006); *see Driscoll v. Harmon*, 601 P.2d 1051, 1053 (Ariz. 1979) (en banc) (Air Force member was not acting within scope of employment "after he had finished his duty shift and was going to his off-base residence").  Young has testified that he also planned to return movie rentals and "might have wanted to get a hair cut at the Marine Corp Air Station [and] go to the uniform shop."  Dkt. #68-5 at 6.  These personal errands were also unrelated to his official duties.

Young was driving a Government-paid rental car at the time of the accident, but that fact does not bring Young's personal activities within the scope of his employment.  As the Ninth Circuit has recognized, "[t]he fact that the United States reimbursed the cost of his rental car is more indicative of the inconvenience of working [away from home] than an indication that the [United States] considered all actions taken while driving that car to be within the scope of employment."  *Clamor v. United States*, 240 F.3d 1215, 1217 (9th Cir. 2001); *see Allstate*, 2006 WL 3391331, at *3 (citing Restatement § 229 cmt. d).

1    Second, Young's conduct did not occur within authorized time and space limits of his
2 Navy responsibilities. The accident took place off base while Young was on personal
3 business during a holiday weekend. Dkt. #68 ¶ 1, 77 ¶¶ 1, 10.

4    Finally, Young's personal activities were not intended to serve the United States. He
5 was not on an errand for the Government. *See Clamor*, 240 F.3d at 1217. "His conduct was
6 not 'actuated in part by a purpose to serve the [United States].'" *Allstate*, 2006 WL 3391331,
7 at *3 (quoting *Smith v. Am. Exp. Travel Related Servs. Co.*, 876 P.2d 1166, 1170 (Ariz. Ct.
8 App. 1994)). And the United States derived no particular benefit from his travel for food and
9 to return rental movies. *See Clamor*, 240 F.3d at 1217 ("The United States derived no benefit
10 from Karagiorgis' activities once he stopped working on the U.S.S. Los Angeles and left for
11 the day, any more than it does when any other employee departs for the evening.").

12    Consistent with the Arizona Supreme Court's decision in *Driscoll*, the Court
13 concludes that Young was not acting within the scope of his employment under the
14 Restatement test. *See also Allstate*, 2006 WL 3391331, at *3; *Clamor*, 240 F.3d at 1217-18
15 (applying Hawaii law which, like Arizona, follows Restatement § 228).

16    **B.    The Control Test.**

17    Nor is the control test satisfied. Young was not under the Navy's control or acting in
18 furtherance of the Navy's business at the time of the accident. Young was free to do as he
19 wished on the day of the accident, as evidenced by his decision to sleep late, watch movies,
20 and then travel to Yuma for food. *See* Dkt. #68-5 at 5-6. The fact that Young was a full-time
21 serviceman "does not enlarge the scope of employment beyond that which would accompany
22 ordinary civilian employment." *Allstate*, 2006 WL 3391331, at *3 (citing *Hartzell*, 786 F.2d
23 at 967-69).

24    Young and Plaintiff cite workers' compensation cases in support of their arguments.
25 *See* Dkt. ##68-69. While consideration of those cases may be appropriate in some
26 circumstances, the Arizona Supreme Court made clear in *Driscoll* that the United States'
27 liability as an employer should be governed by the Arizona doctrine of respondeat superior,
28 not by Arizona workers' compensation law. *See* 601 P.2d at 1052-53.

**C.     Conclusion.**

Plaintiff and Young bear the burden of showing a limited waiver of sovereign immunity under the FTCA.  *See Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992). They have not established a genuine issue of fact as to whether Young was acting within the scope of his employment when the accident occurred.  The United States is therefore immune from suit and the Court will grant summary judgment in its favor.  *See Allstate*, 2006 WL 3391331, at *3.

**II.    Young's Motion to Dismiss.**

Young argues that dismissal is appropriate (1) under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff failed to effect service within 120 days of filing the third amended complaint, (2) because the limitations period had expired when Young was named as a defendant in the third amended complaint, and (3) because the third amended complaint fails to state a claim for relief.  Dkt. ##56, 59.

**A.     Service of Process.**

Young does not dispute that he was personally served with process on August 29, 2008.  *See* Dkt. #54.  He contends that service was untimely because the third amended complaint was filed on April 17, 2008 (*see* Dkt. #37), and he was not served by August 15, 2008, as required under Rule 4(m).  He further contends that Plaintiff cannot demonstrate good cause for the failure to effect timely service.  Dkt. #56.

Rule 4(m) provides that "the court must extend the time for service" upon a showing of "good cause."  Plaintiff asserts that good cause exists because Young was deployed overseas for more than a year after the complaint was filed, there were substitutions of defendants, Young was not receiving his mail, and Plaintiff did not have Young's correct address.  Dkt. #71 at 6.  These reasons are sufficient to establish good cause.  *See* Wright & Miller, *Federal Practice and Procedure*: *Civil 3d* § 1137 at 342 (2002) (good cause exists where "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances").

Moreover, the Ninth Circuit has held that district courts have broad discretion under

- 5 -

1  Rule 4(m) to extend the time for service even without a showing of good cause. *See United*
2  *States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004); *In re Sheehan*, 253 F.3d 507, 513
3  (9th Cir. 2001). This holding comports with the Advisory Committee Notes to Rule 4(m),
4  which state that the rule "explicitly provides that the court shall allow additional time if there
5  is good cause for the plaintiff's failure to effect service in the prescribed 120 days, *and*
6  *authorizes the court to relieve a plaintiff of the consequences of an application of*
7  *[Rule 4(m)] even if there is no good cause shown*." *See* Fed. R. Civ. P. 4(m), Advisory
8  Comm. Notes, 1993 Am. (emphasis added).

9  Young's overseas service and his employment at a military base in Virginia clearly
10 complicated Plaintiff's efforts to serve him. Young was nonetheless aware of this suit no
11 later than December 18, 2007. *See* Dkt. #71 ¶ F, Ex. C. Holding Plaintiff to the strict 120-
12 day limit of Rule 4(m) would bar her complaint under the relevant statute of limitations. The
13 Court will exercise its discretion under Rule 4(m) and extend the time for service to August
14 29, 2008, the date Young was served. *See* Fed. R. Civ. P. 4(m), Advisory Comm. Notes,
15 1993 Am. (discretionary relief "may be justified if . . . the applicable statute of limitations
16 would bar the refiled action"); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003)
17 (same); *see also Carrillo v. IRS*, No. CIV 05-1022PHXRCB, 2006 WL 167558, at *4 (D.
18 Ariz. Jan. 24, 2006) (granting discretionary relief); *Karboau v. Lawrence*, No. CV 03-82-BR,
19 2006 WL 1030184, at *2 (D. Or. Mar. 30, 2006) (same).

20 **B.   Statute of Limitations.**

21 Plaintiff does not dispute that the two-year limitations period began to run on May 29,
22 2005, the date of the accident. *See* A.R.S. § 12-542(2). The initial complaint named Young
23 as a defendant and was timely filed on May 23, 2007, six days before the limitations period
24 expired. Dkt. #1. An amended complaint naming Young and the United States as defendants
25 was filed on November 8, 2007. Dkt. #11. Plaintiff filed a second amended complaint
26 naming only the United States on February 5, 2008. Dkt. #18. Young was reinstated as a
27 defendant when Plaintiff filed the third amended complaint on April 17, 2008. Dkt. #37.
28 When the time before filing of the initial complaint is added to the time Young was out of

1 the case after the second amended complaint, the two-year limitations period clearly expired
2 before the third amended complaint was filed.

3 Young contends that Plaintiff chose to allow her claims against him to abate under
4 circumstances that preclude relief under any savings statute. Dkt. #74 at 7. The Court does
5 not agree. The Arizona's savings statute affords the Court discretion to "provide a period for
6 commencement of a new action for the same cause, although the time otherwise limited for
7 commencement has expired[,]" where "an action timely commenced is terminated by
8 abatement[.]" A.R.S. § 12-504(A). In determining whether to grant relief under the statute,
9 the Court "must analyze whether the plaintiff (1) acted reasonably and in good faith,
10 (2) prosecuted the case diligently and vigorously, and (3) faces a procedural impediment
11 affecting the ability to refile the action." *Schwartz v. Ariz. Primary Care Physicians*, 964
12 P.2d 491, 496 (Ariz. Ct. App. 1998). The Court must also "consider whether either party will
13 be substantially prejudiced by its decision." *Id.*

14 Plaintiff acted reasonably and in good faith. Young was named in Plaintiff's original
15 complaint. When the United States took the position that Young had acted within the scope
16 of his employment and that the United States was therefore the proper defendant under the
17 FTCA, Plaintiff dropped Young from the second amended complaint. Only when the
18 government changed this position did Plaintiff recognize the need to return Young to the
19 case. Young was brought back into the case in the third amended complaint. In addition,
20 Plaintiff has been reasonably diligent in prosecuting the case. Several amendments have
21 been required, discovery has occurred, and motions have been filed. Finally, the statute of
22 limitations now prevents Plaintiff from refiling this action against Young. Given these
23 factors and the substantial prejudice Plaintiff will suffer if her action against Young is barred,
24 the Court will grant Plaintiff discretionary relief under Arizona's savings statute. The third
25 amended complaint is deemed to have been timely filed.

26 **C.     Failure to State a Claim for Relief.**

27 Young argues that the third amended complaint fails to state a claim against him
28 because it affirmatively alleges that he was acting within the scope of employment at the time

- 7 -

of the accident. Dkt. #59 at 3-4. But the complaint alleges in the alternative that Young "is the proximate cause of Plaintiff's damages[.]" Dkt. #37 at 4. Plaintiff's alternative pleading is permissible under Rule 8(d). *See McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

**III.   Plaintiff's Motion for Payment of Costs of Personal Service.**

Plaintiff seeks an award of service costs pursuant to Rule 4(d). Dkt. #58. That rule provides that "[i]f a defendant *located within the United States* fails, without good cause, to sign and return a waiver requested by a plaintiff[,]" the Court must impose on the defendant the expenses later incurred in making service. Fed. R. Civ. P. 4(d)(2) (emphasis added). Plaintiff has not shown that Young was located in the United States when Plaintiff requested a waiver of service. Nor has Plaintiff shown that her waiver requests and notices complied with the requirements of Rule 4(d)(1).

**IT IS ORDERED:**

1. Defendant United States of America's motion for summary judgment on scope of employment (Dkt. #50) is **granted**.
2. Defendant Richard Young's cross-motion for summary judgment on scope of employment (Dkt. #69) is **denied**.
3. Defendant Richard Young's motion to dismiss (Dkt. ##56, 59) is **denied**.
4. Plaintiff's motion for payment of costs (Dkt. #58) is **denied**.
5. The Court will modify the litigation schedule by separate order.

DATED this 22nd day of December, 2008.

_____
David G. Campbell
United States District Judge

- 8 -